DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, which terminated appellant's parental rights, and granted permanent custody to Lucas County Children Services Board ("LCCSB").
On October 18, 2000, LCCSB filed a complaint in dependency, neglect and abuse and for permanent custody of Marie K., born September 16, 1992. While not clear from the record, at some point after the complaint was filed, Marie K. was placed in the home of her paternal grandparents.
Following an unsuccessful mediation on December 11, 2000, the case proceeded to adjudication and disposition before Judge Andy Devine.[1]
After the testimony of three witnesses was presented, the trial court found Marie K. to be a dependent, neglected and abused child. The case then proceeded to final disposition.
During disposition, Charmaine Garland, the LCCSB caseworker assigned to Marie's case, was the only witness called to testify. At the conclusion of her testimony, the following discussion took place:
 "THE COURT: All right. I do not have a report from the Guardian ad Litem. The Attorney for the child, Linda Mansour, my understanding you indicated that you would have that report in to me in a matter of a week or so.
"MS. MANSOUR: That's correct, Your Honor.
 "THE COURT: Why don't you do it before the end of the year because I am not going to be able to sign anything.
"MS. MANSOUR: So we unfortunately hear.
 "THE COURT: After the end of the year, okay. And today is the 11th so make sure you get it in on time.
"MS. MANSOUR: Thank you.
 "THE COURT: I am going to leave this case pending, dependent upon — because none of us have had that report and there may be something that somebody may want to introduce or have some challenge to the record. I don't know.
 "I mean, I am going to not decide this case obviously until I have the report and then if there's something addition [sic] that somebody wants to bring in as a result of the report, you're going to file a motion or something and we'll go from there."
The guardian ad litem then requested that she be permitted, in addition to the written report, to give an oral report. The trial court consented without objection.
The trial court's post-hearing docket entry, filed December 11, 2000, reads, in part:
 "THE MINOR CHILD, MARIE K[.], IS FOUND TO BE A DEPENDANT, NEGLECTED ABUSED CHILD. COMMITTED TO THE PERMANENT CUSTODY OF LCCS FOR PURPOSES OF ADOPTIVE PLACEMENT PLANNING. SEE J.E TO BE SUBMITTED BY ATTY D. RUEBOCK, LCCS."
The guardian ad litem filed her report on December 28, 2000. Nothing was filed in response to the report. The judgment entry granting permanent custody to LCCSB was filed January 16, 2001, and signed by Judge Joseph A. Flores. Appellant now appeals the judgment and sets forth the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE GUARDIAN AD LITEM SUBMITTED HER REPORT SEVENTEEN DAYS AFTER THE CONCLUSION OF THE TRIAL, THEREBY CAUSING REVERSIBLE ERROR.
"SECOND ASSIGNMENT OF ERROR
 "THE FAILURE OF THE TRIAL JUDGE TO SIGN AND FILE HIS DECISION BEFORE HIS AUTHORITY EXPIRED AND THE SIGNING AND FILING BY ANOTHER JUDGE CAUSED REVERSIBLE ERROR.
"THIRD ASSIGNMENT OF ERROR
 "THE ERRORS IN THE TRIAL WERE CUMULATIVE THEREBY LEADING TO A WRONGFUL DECISION WHICH IRREPARABLY HARMED APPELLANT."
In his first assignment of error, appellant contends that, the guardian's failure to timely file her written report, in violation of R.C. 2151.414(C), resulted in reversible error. R.C. 2151.414(C) provides, in part:
 "In making the determinations required by this section or division (A)(4) of section 2151.353 [2151.35.3] of the Revised Code, a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent of the child. A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath."
In the instant case, it is undisputed that the guardian ad litem failed to file her report prior to or at the time of the hearing as set forth in R.C. 2151.414(C). The question now becomes whether such failure must result in reversible error.
In support of his argument, appellant cites In re Williams (Mar. 20, 2001), Franklin App. No. 00AP-973, unreported.
In Williams, the guardian ad litem failed to submit a copy of the report at the hearing and the trial court ruled from the bench. In its decision, the Tenth Appellate District noted that because the guardian's opinion was the same as the trial court's decision, they would not address the argument that such failure was reversible error. The court did find that the guardian's failure to file a timely report was further evidence that the trial court failed to make the proper statutory considerations. We find that the Williams' facts are distinguishable.
The facts in this case are more closely aligned with In re Breslav
(Apr. 13, 2000), Cuyahoga App. No. 75468, unreported. In Breslav, the guardian ad litem did not file a report until after the permanent custody hearing but before permanent custody was awarded to the agency. The court found that because the parties failed to object in the trial court, the error was waived. Alternatively, the court observed that many courts have found that where parents cannot establish any prejudice from misfeasance or nonfeasance of a guardian ad litem, such error is harmless. See In re Cruz (Nov. 30, 2000), Cuyahoga App. No. 76863, unreported; In the Matter of Malone (May 11, 1994), Scioto App. No. 93CA2165, unreported; In the Matter of Dustin A. (Aug. 14, 1992), Lucas App. No. L-91-400, unreported.
In the instant case, the guardian ad litem was permitted to give an oral report during the disposition phase of the hearing. A review of the guardian ad litem's written report demonstrates that it does not differ with the testimony presented at the hearing. Appellant presented no argument that he was prejudiced by the late submission of the report and this court can find none. Thus, the erroneous late submission of the guardian ad litem's report is harmless. Accordingly, appellant's first assignment of error is not well-taken.
In appellant's second assignment of error, he argues that the trial judge's failure to file his judgment entry prior to the expiration of his authority was reversible error. We disagree. This court has previously determined that no irregularity exists where a predecessor judge approves a judgment entry prepared, at the request of the former judge, by counsel for LCCSB. In the Matter of Deja H. (Aug. 20, 1999), Lucas App. No. L-99-1038, unreported. Accordingly, appellant's second assignment of error is not well-taken.
In appellant's third and final assignment of error he argues that the cumulative effect of the late filing of the report and the incorrect signing of the judgment entry by another judge deprived appellant of his right to a fair trial. At most, this court has found only one error in the proceedings below, that being the late filing of the guardian adlitem report. Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Court costs of this appeal are assessed to appellant.
 __________________________ PIETRYKOWSKI, P.J., Judge
 Melvin L. Resnick, J., Richard W. Knepper, J., CONCUR.
[1] Proper names are used only for the sake of clarity.